UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DESIREE MARTINEZ,<br><br>            Plaintiff,<br><br>     v.<br><br>KYLE PENNINGTON; KIM PENNINGTON; CONNIE PENNINGTON; KRISTINA HERSHBERGER; JESUS SANTILLAN; CHANNON HIGH; THE CITY OF CLOVIS; ANGELA YAMBUPAH; RALPH SALAZAR; FRED SANDERS; THE CITY OF SANGER; AND DOES 1 through 20,<br><br>            Defendants. | No.  1:15-cv-00683-JAM-MJS<br><br>**ORDER DENYING DEFENDANTS', THE CITY OF CLOVIS, THE CITY OF SANGER, KRISTINA HERSHBERGER, JESUS SANTILLAN, CHANNON HIGH, ANGELA YAMBUPAH, RALPH SALAZAR, AND FRED SANDERS, MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT** |

Eight of the eleven Defendants in this case move to dismiss portions of Plaintiff Desiree Martinez's ("Plaintiff") Second Amended Complaint ("SAC") (Doc. #50).[1]  Plaintiff opposes the motion (Doc. #52).

///

---

[1] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).  The hearing was scheduled for June 28, 2016.

1

I. FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

The Court takes the facts alleged by Plaintiff as true for purposes of this motion. Plaintiff was in a relationship with Kyle Pennington ("KP"), an officer with the Clovis Police Department ("CPD"). SAC ¶¶ 4, 16. Throughout the relationship, KP physically and emotionally abused Plaintiff. Id. ¶ 16. On May 2, 2013, Plaintiff called the police to report that KP had threatened to harm her. Id. ¶ 18(a). CPD officers Kristina Hershberger ("Hershberger") and Jesus Santillan ("Santillan") responded to Plaintiff's call. Id. The officers asked Plaintiff questions, but did not separate KP and Plaintiff during the questioning. Id. Hershberger and Santillan did not arrest KP. Id. KP physically and emotionally abused Plaintiff after Hershberger and Santillan left. Id. ¶ 18(b).

About three weeks later, Plaintiff contacted the CPD to tell an officer that KP was abusing her. Id. ¶ 18(c). The officer did not arrest KP or tell Plaintiff about her rights. Id. Eight days later, Plaintiff called the CPD anonymously. Id. ¶ 18(f). A few days after that, defendant Channon High ("High") called and informed KP that Plaintiff had called the CPD to report abuse by KP. Id. ¶ 18(g). After High's call to KP, KP severely abused Plaintiff. Id. ¶ 18(h).

At some point, Plaintiff and KP moved from Clovis to Sanger. Id. On June 4, 2013, a neighbor called 911 to report that KP was abusing Plaintiff. Id. ¶ 18(i). Officers Angela Yambupah ("Yambupah") and Ralph Salazar ("Salazar") and Sgt. Fred Sanders ("Sanders") of the Sanger Police Department ("SPD") responded to the 911 calls. Id. Plaintiff had "many obvious injuries." Id.

2

The SPD officers did not separate Plaintiff from KP to question Plaintiff about the abuse. Id. Plaintiff, feeling intimidated, stated that she did not want to press charges. Id. The officers left without arresting KP. Id. KP beat and sexually assaulted Plaintiff later that night. Id. Plaintiff contacted both the CPD and SPD. Id. ¶ 18(j). An arrest warrant and a restraining order were issued against KP on June 5, 2013. Id. ¶ 18(j)-(m).

Though there was a restraining order requiring KP to stay away from Plaintiff, KP continued to live with Plaintiff. Id. ¶ 18(n). Between June and August 2013, KP physically, sexually, and emotionally abused Plaintiff. Id. ¶ 18(k)-(l). Plaintiff reported KP's violations of the restraining order to the CPD. Id. ¶ 18(m). High and another unidentified records clerk for the CPD alerted KP whenever Plaintiff called the CPD. Id. When KP found out about Plaintiff's calls to the CPD, KP would physically abuse Plaintiff. Id. From June through early September 2013, KP was never arrested for violating the restraining order or abusing Plaintiff. Id. ¶ 18(n). KP was finally arrested on September 18, 2013. Id. ¶ 18(m). KP and Plaintiff moved away from each other, but KP continued to contact Plaintiff in violation of the restraining order. Id. ¶ 18(n)-(o).

KP was eventually charged with domestic violence, threats, false imprisonment, violating a restraining order, and more. Id. ¶ 18(j). A jury convicted KP of violating the restraining order but were unable to reach a unanimous verdict on the other charges. Id. ¶ 19. KP pled guilty to one domestic violence charge to avoid a retrial. Id.

Plaintiff sued KP, KP's parents Kim and Connie Pennington,

3

the cities of Clovis and Sanger, and High, Hershberger, Santillan, Yambupah, Salazar, and Sanders (Doc. #1). Following the Court's January 6, 2016 Order granting in part and denying in part Defendants' motion to dismiss, Plaintiff filed her SAC (Doc. #44).

Defendants Clovis, Sanger, High, Hershberger, Santillan, Yambupah, Salazar, and Sanders now move to dismiss Plaintiff's first and second causes of action (Doc. #50).

## II.  OPINION

The only substantive addition to Plaintiff's complaint is paragraph 22. That paragraph alleges, among other things, that "Clovis and Sanger fail to require their police officers to abide by the Federal Violence Against Women Act, or the corresponding California laws." SAC ¶ 22. It also alleges "on information and belief" that police officers in Clovis and Sanger are trained and permitted to enforce domestic violence laws differently than other laws. Id. Defendants argue that despite the addition of paragraph 22 to Plaintiff's complaint, Plaintiff fails to allege equal protection violations against all Defendants and fails to allege a due process claim against Sanger. MTD at 5-7.

### A.  Plaintiff's Equal Protection Claims Against Clovis and Sanger

To allege a § 1983 claim against a city, a plaintiff must state facts to show that the city had a custom or policy that caused the plaintiff's constitutional injury. Monell v. Dep't of Soc. Servs. of N.Y.C., 436 U.S. 658, 694 (1978). A "policy or custom" under Monell is a "longstanding practice . . . which constitutes the 'standard operating procedure' of the local

4

government entity." <u>Ulrich v. City & Cty. of San Francisco</u>, 308 F.3d 968, 984-85 (9th Cir. 2002).  "[T]he complaint must allege the policy, as well as its causal relationship to the constitutional injury, in sufficient detail."  <u>Hass v. Sacramento Cty. Sheriff's Dept.</u>, 2014 WL 1616440, at *5 (E.D. Cal Apr. 18, 2014).

The Equal Protection Clause of the Fourteenth Amendment requires government actors to treat similarly situated people alike.  <u>City of Cleburne v. Cleburne Living Ctr.</u>, 473 U.S. 432, 439 (1985).  Thus, a plaintiff alleging an equal protection claim must allege that she was treated differently from others in a similar position.  The Ninth Circuit has allowed a plaintiff to proceed on the theory that a municipality violated equal protection by not treating domestic violence victims the same as victims of other types of abuse.  <u>Navarro v. Block</u>, 72 F.3d 712, 716-17 (9th Cir. 1995).

Defendants move to dismiss Plaintiff's equal protection claim on the basis that none of the new allegations in the SAC "provide enough facts to support Plaintiff's claim that she as a victim of domestic violence was treated any differently by the CPD or SPD from victims of other crimes."  MTD at 5.

Plaintiff argues that the allegations in paragraph 22—that the Clovis and Sanger police departments failed to properly train and enforce domestic violence laws—are sufficient to withstand a motion to dismiss because the facts to support such claims are solely controlled and possessed by Defendants.  Opp. at 4-5. Plaintiff cites to <u>Estate of Duran v. Chavez</u>, which states that "where most of the information needed to support a claim is in

the defendants' custody and not available to plaintiffs prior to discovery, a more conclusory and formulaic approach to pleadings is acceptable." 2015 WL 8011685, at *9 (E.D. Cal. Dec. 7, 2015). Duran further held that "[p]laintiffs need only provide information sufficient to supply notice to Defendants as to the sorts of information they will need to provide to refute, if they can, Plaintiffs' allegations in a subsequent motion for summary judgment." Id. (quoting Phillips v. Cty. of Fresno, 2013 WL 6243278, at *10 (E.D. Cal. Dec. 3, 2013)) (internal quotation marks omitted).

The Phillips court, cited by the Duran Court, held that allegations based on "information and belief" may be sufficient to establish a "causal connection between the existing or non-existing policies, procedures and practices and the harms [the plaintiff] experienced" when "the facts that might demonstrate the causal connection—such as . . . corrective actions taken or not taken—are not available to the pleading party prior to discovery." Phillips, 2013 WL 6243278, at *10. As to the plaintiff's failure to train theory in Phillips, the court stated:

> Defendants' motion to dismiss Plaintiffs['] claim for entity and supervisory liability on the theory of failure to supervise, train or discipline . . . is out of place in a motion to dismiss where most or all the information pertaining to training and discipline are not available to Plaintiffs prior to discovery. Again, Plaintiffs have alleged "on knowledge and belief" that a laundry list of training, supervision and discipline functions have gone unperformed or performed deficiently so as to have caused Decedent's harm. While this approach is conclusory and sparsely supported with alleged facts, it is sufficient to supply notice to Defendants as to the sorts of information they will need to provide to refute . . . Plaintiffs' allegations . . . [T]his conclusory and

>    somewhat formulaic approach to alleging claims for entity and supervisory liability is sufficient where, as here, Defendants may be presumed to be in sole possession of the facts needed to support or refute the claims and discovery has not made those facts available.

Id. at *11.

Here, Plaintiff alleges that she will support her contentions with "a review of the historic performance of Clovis and Sanger police officers in response to domestic violence requests for service" and "records confirming the lack of discipline of such officers." SAC ¶ 22. The SPD and CPD are in sole possession of historic performance records and discipline records regarding officers' responses to domestic violence calls versus calls for other crimes. Plaintiff's complaint puts Defendants on notice of what they "will need to provide to refute . . . Plaintiff's allegations." See Phillips, 2013 WL 6243278, at *11.

Defendants do not address the Phillips and Duran cases in their Reply. Defendants only state that Plaintiff's argument regarding allegations based on information and belief "is a red herring." Reply at 3. Defendants' argument is insufficient. Applying the Phillips and Duran holdings to the case at bar, the Court finds that Plaintiff has sufficiently and properly alleged equal protection claims against Clovis and Sanger.

   B.   Plaintiff's Due Process Claim Against Sanger

In Plaintiff's SAC, she alleges that Sanger had a policy or custom of not providing proper responses to domestic violence calls. SAC ¶¶ 22, 24. This Court previously dismissed Plaintiff's due process claim against Sanger because a "single

7

instance is not enough to allege a policy of lax domestic violence enforcement." 1/06/16 Order at 8. Plaintiff has now added allegations that other instances of lax enforcement of domestic violence laws have occurred that will be revealed through "a review of historic performance" of SPD officers. SAC ¶ 22. Plaintiff's allegations are not supported by more than one factual incident, but the SPD has control and possession of information regarding how other domestic violence cases were handled. Plaintiff will not be able to include in her allegations any other such incidents until after the pleading stage. Thus, under Phillips and Duran, the Court finds that Plaintiff has stated a viable cause of action against Sanger for violation of due process and Sanger's motion to dismiss is denied.

### C. Plaintiff's Equal Protection Claims Against Individual Defendants

Plaintiff also brings equal protection claims against Hershberger, Santillan, High, Yambupah, Salazar, and Sanders. SAC ¶¶ 28-31. To plead equal protection claims against the individual officer defendants, Plaintiff must show that the defendants treated Plaintiff differently than victims of other crimes. See Giles v. Olmeide, 2011 WL 3300062, at *4 (C.D. Cal. May 19, 2011). Plaintiff must allege facts showing that each defendant individually violated Plaintiff's right to equal protection under the law.

#### 1. Defendants Hershberger and Santillan

Plaintiff alleges that when Hershberger and Santillan responded to Plaintiff's call reporting KP's abuse, the officers

did not speak to Plaintiff outside KP's view and earshot. SAC ¶ 18(a). Plaintiff also alleges that the officers did not arrest KP and did not inform Plaintiff of her rights to a private person's arrest or a restraining order. Id. Plaintiff pleads facts showing how Santillan and Hershberger treated her as a domestic violence victim, but she does not include any facts regarding how Santillan and Hershberger treated other victims differently. However, such facts are known only to Santillan, Hershberger, and the CPD. Absent discovery, it is difficult if not impossible for Plaintiff to plead specific facts regarding how Santillan and Hershberger treated other domestic violence victims in other cases. Additionally, the allegations in the SAC are sufficient to put Santillan and Hershberger on notice of what information and evidence they will need to produce to refute Plaintiff's claims. Because such information is in the possession and control of these Defendants, Plaintiff's allegations that she was treated differently from other domestic violence victims is sufficient to allege equal protection claims against Hershberger and Santillan.

### 2. Defendant High

Plaintiff alleges that High called KP to tell KP that Plaintiff had reported KP's abuse. SAC ¶ 18(g). Plaintiff does not provide any facts regarding High's treatment of other domestic violence victims, but, again, such information is in the control and possession of High and CPD. Plaintiff's equal protection allegations against High are sufficient to defeat High's motion to dismiss for the same reasons as those set forth

above with regard to Plaintiff's allegations against Santillan and Hershberger.

### 3. Defendants Salazar, Yambupah, and Sanders

Plaintiff alleges that SPD officers Salazar, Yambupah, and Sanders responded to a 911 call concerning a fight between KP and Plaintiff but that the officers did not separate Plaintiff from KP to talk to her. SAC ¶ 18(i). The SPD officers also did not arrest KP or inform Plaintiff of any of her rights as a domestic violence victim. Id. As with the CPD officers, the SPD officers possess and control information regarding how they have treated domestic violence victims other than Plaintiff. Such information will be sought by Plaintiff as part of her discovery in this case. And she has sufficiently pled enough facts to put these individual defendants on notice as to what evidence and information they will need to produce to refute Plaintiff's allegations. Thus, Plaintiff's allegations against Salazar, Yambupah, and Sanders regarding their treatment of Plaintiff are sufficient under Phillips and Duran to state equal protection claims against these three defendants.

## III. ORDER

For the reasons set forth above, the Court DENIES Defendants' motion to dismiss. These eight Defendants must file their Answers to the SAC within twenty days from the date of this order.

IT IS SO ORDERED.

Dated: August 8, 2016

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE

10