Kevin G. Little, SBN 149818
**LAW OFFICE OF KEVIN G. LITTLE**
Post Office Box 8656
Fresno, California 93747
Telephone: (559) 342-5800
Facsimile: (559) 420-0839
Email: kevin@kevinlittle.com

Attorney for Plaintiff Desiree Martinez

# IN THE UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

***

| | |
|---|---|
| DESIREE MARTINEZ,<br><br>    Plaintiff,<br><br>v.<br><br>KYLE PENNINGTON; KIM PENNINGTON; CONNIE PENNINGTON; KRISTINA HERSHBERGER; JESUS SANTILLAN; CHANNON HIGH; THE CITY OF CLOVIS; ANGELA YAMBUPAH; RALPH SALAZAR; FRED SANDERS; THE CITY OF SANGER; DOES 1-20,<br><br>    Defendants. | No. 1:15-cv-00683-JAM-MJS<br><br>PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR STAY PENDING APPEAL; SUPPORTING DECLARATION<br><br>Hearing: June 19, 2018<br>Time: 1:30 p.m.<br>Courtroom: 6, 14th Floor<br>Judge: Hon. John A. Mendez<br><br>Trial Date: None Set |

TO THE HONORABLE COURT:

    Plaintiff Desiree Martinez, through her undersigned counsel, hereby gives notice and moves for an order staying this action until after the resolution of the pending Ninth Circuit interlocutory appeal, and the conclusion of defendant Kyle Pennington's bankruptcy case. This motion is based on the within points and authorities and the supporting declaration of Kevin G. Little, including attached exhibits.

    The real parties in interest on this motion, plaintiff, Kyle Pennington, and Connie and Kim Pennington, have met and conferred regarding this motion on April 18, 2018 and April 25, 2018, and

_____
MOTION FOR STAY PENDING APPEAL

there is no opposition to the stay sought in this motion.  Kyle Pennington, through his bankruptcy attorney, Peter Bunting, Esq., has indicated that he intends to move forward with addressing the plaintiff's adversary proceeding in connection with his pending chapter 7 case, as indicated below.  The only other defendant with pending claims before this Court, Channon High, has taken no position, and has not responded to several attempts to set up a meet and confer.  Plaintiff also notes that High has not requested the setting of a trial date at any time since the Court's summary judgment rulings last fall.

## Memorandum of Points and Authorities

Plaintiff makes this motion for stay on the grounds enumerated below:

1. The Court will recall that all parties except defendant Kyle Pennington stipulated to a partial judgment and interlocutory appeal pursuant to Federal Rule of Civil Procedure 54(b), so that the important legal issues related to the partial grant and denial of summary judgment could be addressed before the remaining claims proceed to trial.  *See* Docket Nos. 103-104, 107.  That appeal is now pending.  Ninth Cir. Appeal No. 17-17492; Docket Nos. 109, 109-1.  As a result of the combination of that stipulation, resultant partial judgment, and notice of appeal, all plaintiff's causes of action that were the subject of the summary judgment motions, regardless of who prevailed, are now on appeal.

2. The only defendant who has no stake in the appeal is defendant Kyle Pennington, who has sought bankruptcy petition and is the subject of a related adversarial proceeding brought by plaintiff in order to avoid the extinguishment of her claims against him.  *See* Eastern Dist. Bankr. No. 17-13859-A-7 and Adv. No. 17-01091.  Because the dischargeability of the plaintiff's claims against defendant Kyle Pennington are at issue in the adversarial bankruptcy proceedings, the result of that proceeding could moot any result prematurely obtained in this action.

3. Given that all remaining claims are pending either in the Court of Appeals or the bankruptcy court, it makes little sense to move forward with this action until such time that both are resolved. District courts have broad discretion to stay proceedings as an incident to its power to

control its own docket. *Landis v. North American Co.*, 299 U.S. 248, 254 (1936); *see also CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (district courts possess "inherent power to control the disposition of the causes on its docket in a manner which will promote economy of time and effort for itself, for counsel, and for litigants."); *Filtrol Corp. v. Kelleher*, 467 F.2d 242, 244 (9th Cir. 1972); *Mediterranean Enterprises, Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983) ("A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case.").

4. 28 U.S.C. § 1292(b) specifically authorizes district courts to exercise their discretion to stay proceedings over which they have continuing jurisdiction during the pendency of an interlocutory appeal. The Supreme Court provides four factors to be considered when exercising that discretion: 1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; 2) whether the applicant will be irreparably injured absent a stay; 3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and 4) where the public interest lies. *Nken v. Holder*, 556 U.S. 418, 434 (2009). With regard to the first of these four factors, the moving party can "show either a probability of success on the merits or that serious legal questions are raised, depending on the strength of petitioner's showing on the other stay factors." *Leiva-Perez v. Holder*, 640 F.3d 962, 967 (9th Cir. 2011) (per curiam) (internal quotation marks and citation omitted); *Landis v. North American Co.*, 299 U.S. 248, 256 (1936) (noting propriety of stay in cases "of extraordinary public moment"). Moreover, the "district court should consider the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX*, 300 F.2d at 268.

5. Under the 1292(b) criteria, a stay is appropriate. The Court itself acknowledged in addressing the plaintiff's claims at the summary judgment stage that they present important and, in its estimation, unsettled legal issues. Moreover, if a stay is not granted, the plaintiff would be required to litigate her claims against defendant Kyle Pennington in two forums at once, while also litigating an appeal of claims that would bear on defendant Pennington's. No other party would be injured by a stay, since the remaining parties are all litigating in other courts, either the Ninth Circuit or the Fresno bankruptcy court, and there are currently no dates set in this action in any event. Finally, the claims in this action are substantial and will address the important issue of the rights of female citizens to insist on the full enforcement of the Violence Against Women Act (VAWA) and related state laws, and whether or not they have legal recourse if those rights are violated.

6. In conclusion, it makes complete sense to grant the stay requested by plaintiff, and to order that her claims against defendant Kyle Pennington are stayed pending resolution of the pending appellate and bankruptcy proceedings.

Dated: May 1, 2018

*/s/Kevin G. Little*
Kevin G. Little
Attorney for Plaintiff Desiree Martinez

**Supporting Declaration of Kevin G. Little**

The undersigned, Kevin G. Little, hereby declares as follows:

1. I am an attorney duly licensed to practice in the State of California and the Eastern District of California. I am the attorney of record for the plaintiff, Desiree Martinez.

2. All parties except defendant Kyle Pennington stipulated to a partial judgment and interlocutory appeal pursuant to Federal Rule of Civil Procedure 54(b), so that the important legal issues related to the partial grant and denial of summary judgment could be addressed before the remaining claims proceed to trial. *See* Docket Nos. 103-104, 107. That appeal is now pending. Ninth Cir. Appeal No. 17-17492; Docket Nos. 109, 109-1. As a result of the combination of that stipulation, resultant partial judgment, and notice of appeal, all plaintiff's causes of action that were the subject of the summary judgment motions, regardless of who prevailed, are now on appeal.

3. The only defendant who has no stake in the appeal is defendant Kyle Pennington, who has sought bankruptcy petition and is the subject of a related adversarial proceeding brought by plaintiff in order to avoid the extinguishment of her claims against him. *See* Eastern Dist. Bankr. No. 17-13859-A-7 and Adv. No. 17-01091. Because the dischargeability of the plaintiff's claims against defendant Kyle Pennington are at issue in the adversarial bankruptcy proceedings, the result of that proceeding could moot any result prematurely obtained in this action.

4. Given that all remaining claims are pending either in the Court of Appeals or the bankruptcy court, it makes little sense to move forward with this action until such time that both are resolved. This Court has broad discretion to stay proceedings as an incident to its power to control its own docket. Moreover, 28 U.S.C. § 1292(b) specifically authorizes district courts to exercise their discretion to stay proceedings over which they have continuing jurisdiction during the pendency of an interlocutory appeal.

5. The Court itself acknowledged in addressing the plaintiff's claims at the summary judgment stage that they present important and, in its estimation, unsettled legal issues. Moreover, if

a stay is not granted, the plaintiff would be required to litigate her claims against defendant Kyle Pennington in two forums at once, while also litigating an appeal of claims that would bear on the causes of action against defendant Pennington.

6. No other party would be injured by a stay, since the remaining parties are all litigating in other courts, either the Ninth Circuit or the Fresno bankruptcy court, and there are currently no dates set in this action in any event. Finally, the claims in this action are substantial and will address the important issue of the rights of female citizens to insist on the full enforcement of the Violence Against Women Act (VAWA) and related state laws, and whether or not they have legal recourse if those rights are violated.

7. In conclusion, it makes complete sense to grant the stay requested by plaintiff, and to order that her claims against defendant Kyle Pennington are stayed pending resolution of the pending appellate and bankruptcy proceedings.

Sworn under penalty of perjury in Fresno, California this 1st day of May, 2018.

/s/Kevin G. Little
Kevin G. Little