UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DESIREE MARTINEZ, | ) | Case No. 1:15-cv-00683 JAM-SKO |
| Plaintiff, | ) | **PRETRIAL CONFERENCE ORDER** |
| v. | ) | |
| KYLE PENNINGTON; KIM PENNINGTON; CONNIE PENNINGTON; KRISTINA HERSHBERGER; JESUS HERSHBERGER; CHANNON HIGH; THE CITY OF CLOVIS; ANGELA YAMBUPAH; RALPH SALAZAR; FRED SANDERS; THE CITY OF SANGER; DOES 1 THROUGH 20, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

Pursuant to court order, a Pretrial Conference was held via video on June 11, 2021 before Judge John Mendez.  Kevin G. Little appeared as counsel for plaintiff; Daniel S. Cha appeared as counsel for defendant Channan High; John W. Phillips appeared as counsel for defendants Kim and Connie Pennington and Kyle Pennington appeared in his capacity as a pro se defendant.  After hearing, the Court makes the following findings and orders:

I. JURISDICTION/VENUE

Jurisdiction is predicated upon 28 U.S.C. §§ 1331 and 1343, and has previously been found to be proper by order of this court,

1

1  as has venue.  Those orders are confirmed.

2  ## II.  JURY/NON-JURY

3  The parties have demanded a jury trial.

4  ## III.  STATEMENT TO BE READ TO JURY

5  No later than July 19, 2021 the parties shall E-file a joint

6  statement of the case that may be read to the jury at the beginning

7  of jury selection.

8  ## IV.  UNDISPUTED FACTS

9  The facts pertaining to jurisdiction and venue are undisputed.

10  All other facts are disputed.

11  ## V.  DISPUTED FACTUAL ISSUES

12  A.   Plaintiff's Disputed Factual Issues:

13  1.   Whether plaintiff was denied her federal substantive due

14  process rights by the actions of defendant Channan High.

15  2.   Whether plaintiff was denied her state law rights under

16  California Civil Code §§ 51.7, 52.4, 1708.5, 1708.6, 1714, 3520 and

17  common law by the actions of defendant Kyle Pennington.

18  3.   Whether plaintiff sustained damages as a result of

19  misconduct committed by the defendants.

20  4.   What are plaintiff's damages as a result of the

21  defendants' conduct.

22  5.   Whether the defendants' acts were wanton and willful so

23  as to justify the imposition of punitive damages.

24  6.   Whether the plaintiff is entitled to ancillary relief,

25  including statutory attorney's fees, an award of costs, prejudgment

26  interest, and related relief, if she prevails.

27  B.   Defendant Channan High's Disputed Factual Issues:

28  1.   Whether Channan High acted under color of law.

1        2.   If Channan High acted under color of law, whether Channan

2  High is entitled to qualified immunity.

3        a.   Whether Channan High violated Plaintiff's Fourteenth

4              Amendment right to substantive due process, including the

5              following related essential facts:

6                  (i)   The purported telephone communications between

7                      Channan High and Kyle Pennington during the

8                      period of alleged abuse.

9                (ii) Whether and how Channan High had knowledge of

10                    Plaintiff's confidential report(s) accusing

11                    Kyle Pennington of abusing Plaintiff.

12                (iii)   Whether Channan High disclosed to Kyle

13                    Pennington that Plaintiff had made confidential

14                    report(s) accusing him of abusing Plaintiff

15                    during any communications High had with Kyle

16                    Pennington.

17        b.   Whether the law was so clearly established that no

18              reasonable officer in Channan High's position could

19              have believed that her conduct did not violate

20              Plaintiff's Fourteenth Amendment right to

21              substantive due process.

22        3.   If Channan High is liable, the damages reasonably

23  attributable to her violation of Plaintiff's Fourteenth Amendment

24  right to substantive due process.

25        4.   Whether, and if so, the amount of, punitive damages are

26  available against Channan High.

27  ///

28  ///

1    C.    Defendants Kim and Connie Pennington's Disputed Factual

2   Issues:

3        1.    The Pennington's dispute each factual allegation made

4   against them by plaintiff and assert that they did their best to

5   assist and advise plaintiff even if the face of plaintiff's own bad

6   decision making.

7                    VI. DISPUTED EVIDENTIARY ISSUES

8        A.    Plaintiff's Disputed Evidentiary Issues:

9        1.    The plaintiff will seek to exclude any evidence not

10  disclosed in a timely manner before trial.

11       2.    The plaintiff will oppose any attempt by the defense to

12  introduce inadmissible character evidence under Federal Rule of

13  Evidence 404 and  Federal Rule of Evidence 403.

14       3.    The plaintiff will move to exclude any evidence or other

15  reference to claims that have been dismissed before trial.

16       4.    The plaintiff will move to preclude any prejudicial

17  collateral impeachment and prohibit the use of any extrinsic

18  evidence to corroborate such a collateral matter.

19       B.    Defendant Channan High's Disputed Evidentiary Issues:

20       1.    Channan High will seek to exclude Plaintiff from

21  introducing any evidence that was not timely disclosed, pursuant to

22  Federal Rule of Civil Procedure 37.

23       2.    Channan High will seek to exclude Plaintiff from

24  introducing any evidence or reference to claims or other defendants

25  who have been dismissed before trial.

26       3.    Channan High will seek to exclude Plaintiff from

27  introducing any evidence or reference to Channan High's potential

28  indemnification for damages.

1      4.   Channan High will seek to exclude Plaintiff from calling

2   retained experts Scott DeFoe and David Cropp under Federal Rule of

3   Evidence 702 as unhelpful to the trier of fact.

## VII. RELIEF SOUGHT

5      The plaintiff is requesting an award of compensatory and

6   punitive damages.  Plaintiff is also requesting an award of fees to

7   the extent permitted by 42 U.S.C. § 1988, cost of suit, prejudgment

8   interest, and any other relief to which she may be entitled.

## VIII. POINTS OF LAW

10     Trial briefs may be E-filed with the court no later than July

11   19, 2021.  Any points of law not previously argued to the Court

12   should be briefed in the trial briefs.

## IX. ABANDONED ISSUES

14     None, except as to those claims and parties dismissed by the

15   Court.

## X. WITNESSES

17     The parties anticipate calling the following witnesses:

18   1.   Plaintiff Desiree Martinez

19   2.   Defendant Kyle Pennington

20   3.   Connie Pennington

21   4.   Kim Pennington

22   5.   Clovis Police Officer Kristina Hershberger

23   6.   Clovis Police Officer Jesus Santillan

24   7.   Defendant Clovis Police Officer Channan High

25   8.   Sanger Police Officer Angela Yambupah

26   9.   Sanger Police Officer Ralph Salazar

27   10.  Destiny Jamerson

28   11.  Kari Irby

12. Donna Humphrey

13. Erica Pennington

14. Max Sharits

15. Dustin Jacobson

16. Jared Clark

17. Michael Gilleland

18. Augustine Silva

19. Christian Ramos

20. Norma Rae Brice

21. Shawn Marin

22. Felicia Martinez

23. Clovis Police Dispatcher Shanice McCoy

24. Clovis Police Officer Gary Taylor

25. Clovis Police Det. Iri Guerra

26. Clovis Police Sgt. Jorge Gomez

27. Clovis Police Sgt. James Boldt

28. Clovis Police Cpl. J. Munro

29. Clovis Police Capt. Tom Roberts

30. Sanger Police Cpl. Brandon Coles

31. Sanger Police Det. Ramiro Garza

32. Sanger Police Det. Jeffrey Bise

33. Fresno County Sheriff's Deputy Michael Sill

34. Fresno County Deputy District Attorney Kelly Smith

35. Jeff Hammerschmidt, Esq. - only as to non-privileged matters that occurred during court proceedings

36. E. Marshall Hodgkins, III, Esq.

37. Dr. Saul Mendelsohn, (non-retained expert)

38. Junko Kumagai (non-retained expert)

39.  Vera S. Marez (non-retained expert)

40.  Katie Quinn-Crask (non-retained expert)

41.  Valerie Harris Reamer (non-retained expert)

42.  Jan Osborn (non-retained expert)

43.  Scott Defoe (retained expert)

44.  David Cropp (retained expert)

45.  Custodians of records for any records whose authenticity is not stipulated by the parties or who otherwise may be necessary to provide other testimony regarding records.

Each party may call a witness designated by the other.

A.  No other witnesses will be permitted to testify unless:

(1)  The party offering the witness demonstrates that the witness is for the purpose of rebutting evidence which could not be reasonably anticipated at the Pretrial Conference, or

(2)  The witness was discovered after the Pretrial Conference and the proffering party makes the showing required in "B" below.

B.  Upon the post-Pretrial discovery of witnesses, the attorney shall promptly inform the court and opposing parties of the existence of the unlisted witnesses so that the court may consider at trial whether the witnesses shall be permitted to testify.  The evidence will not be permitted unless:

(1)  The witnesses could not reasonably have been discovered prior to Pretrial;

(2)  The court and opposing counsel were promptly notified upon discovery of the witnesses;

(3)  If time permitted, counsel proffered the witnesses for deposition; and

1      (4)   If time did not permit, a reasonable summary of the
2   witnesses' testimony was provided opposing counsel.
3                  XI. <u>EXHIBITS, SCHEDULES AND SUMMARIES</u>
4      Plaintiff intends to introduce the following exhibits:
5      1.   Cellular telephone records from Sprint, ATT Mobility and
6   T-Mobile.  [Overbroad and not specific enough.]
7      2.   The complete dockets of the criminal and family law court
8   proceedings involving plaintiff and defendant Pennington in the
9   Fresno Superior Court.  [Overbroad and not specific enough.]
10     3.   The complete files of the criminal and family law court
11  proceedings involving plaintiff and defendant Pennington in the
12  Fresno Superior Court.  [Overbroad and not specific enough.]
13     4.   Recordings of 911 calls.  [Overbroad and not specific
14  enough.]
15     5.   Recordings of dispatch communications.  [Overbroad and
16  not specific enough.]
17     6.   Recordings of witness interviews.  [Overbroad and not
18  specific enough.]
19     7.   Plaintiff's audio recordings of defendant Pennington.
20  [Overbroad and not specific enough.]
21     8.   Clovis Police Department reports and related documents
22  pertaining to incidents involving plaintiff and defendant
23  Pennington.  [Overbroad and not specific enough.]
24     9.   Sanger Police Department reports and related documents
25  pertaining to incidents involving plaintiff and defendant
26  Pennington.  [Overbroad and not specific enough.]
27     10.  Fresno County Sheriff reports and related documents
28  pertaining to incidents involving plaintiff and defendant

Pennington.  [Overbroad and not specific enough.]

11.  Defendant Pennington's IA file from Clovis PD. [Overbroad and not specific enough.]

12.  Defendant Pennington's personnel file from Clovis PD. [Overbroad and not specific enough.]

13.  Excerpts of Clovis PD policy manual in effect in 2013. [Identify specific excerpts.]

14.  American Ambulance records (treatment and billing).

15.  Sanger Fire Dept. Ambulance records (treatment and billing).

16.  Records (treatment and billing) from the Lighthouse Counseling Center.

17.  Records (treatment and billing) from Sutter Health, Sacramento.  [Overbroad and not specific enough.]

18.  Records from Dr. Mendelsohn's office.  [Overbroad and not specific enough.]

19.  Photos of plaintiff related to domestic violence incidents.  [Overbroad and not specific enough.  Number of photos and dates photos were taken are needed.]

20.  Photos of defendant Pennington related to domestic violence incidents.  [Overbroad and not specific enough.]

21.  Photos of domestic violence incident scenes.  [Overbroad and not specific enough.]

22.  Screenshots from plaintiff's cellular phone.  [Overbroad and not specific enough.]

23.  Screenshots from Facebook accounts related to plaintiff or defendant Pennington.  [Overbroad and not specific enough.]

24.  Screenshots of phone records.  [Overbroad and not

specific enough.]

25.   Photos of injured enemy soldiers shown to plaintiff by defendant Pennington.  [Need more specificity.]

26.   Video of Kyle Pennington's interrogation by law enforcement Sept. 2013.

27.   Plaintiff's 2014 victim impact statement.

28.   Destiny Jamerson's 2014 victim impact statement.

29.   Files extracted from defendant Pennington's computer. [Overbroad and not specific enough.]

30.   Files extracted from defendant Pennington's mobile devices.  [Overbroad and not specific enough.]

31.   Media coverage related to defendant Pennington's arrest and prosecution.  [Overbroad, not specific and hearsay issues.]

32.   Marsy's Law brochure.

33.   Deposition of defendant Pennington, including exhibits.

34.   Deposition of defendant High, including exhibits.

35.   Complete files of plaintiff's experts provided in discovery.  [Can be marked but not admitted.]

36.   Complete files of defendants' experts provided in discovery.  [Can be marked but not admitted.]

37.   Demonstrative aids prepared for trial.  [Need more specificity.]

38.   As trial exhibits, the Penningtons will rely on deposition transcripts, exhibits thereto and any exhibits offered by other parties.

*As indicated by the Court's notes above, the description of exhibits is inadequate.  The parties must provide more detail and description as to each proposed exhibit.  For example, dates,

number of photographs, and a description of what is depicted in the photographs should be included in each exhibit that is identified.

Each party may use an exhibit designated by the other.

A.   No other exhibits will be permitted to be introduced unless:

(1)   The party proffering the exhibit demonstrates that the exhibit is for the purpose of rebutting evidence which could not be reasonably anticipated at the Pretrial Conference, or

(2)   The exhibit was discovered after the Pretrial Conference and the proffering party makes the showing required in paragraph "B," below.

B.   Upon the post-Pretrial discovery of exhibits, the attorneys shall promptly inform the court and opposing counsel of the existence of such exhibits so that the court may consider at trial their admissibility.  The exhibits will not be received unless the proffering party demonstrates:

(1)   The exhibits could not reasonably have been discovered prior to Pretrial;

(2)   The court and counsel were promptly informed of their existence;

(3)   Counsel forwarded a copy of the exhibit(s) (if physically possible) to opposing counsel.  If the exhibit(s) may not be copied, the proffering counsel must show that he has made the exhibit(s) reasonably available for inspection by opposing counsel.

As to each exhibit, each party is ordered to exchange copies of the exhibit not later than fourteen (14) days before trial. Each party is then granted five (5) days to file and serve

objections to any of the exhibits.  In making the objection, the party is to set forth the grounds for the objection.  The parties shall pre-mark their respective exhibits in accord with the Court's Pretrial Order.  Exhibit stickers may be obtained through the Clerk's Office.  An original and one (1) copy of the exhibits shall be presented to Gabriel Michel, Deputy Courtroom Clerk, at 8:30 a.m. on the date set for trial or at such earlier time as may be agreed upon.  Mr. Michel can be contacted at (916) 930-4091 or via e-mail at gmichel@caed.uscourts.gov: As to each exhibit which is not objected to, it shall be marked and may be received into evidence on motion and will require no further foundation.  Each exhibit which is objected to will be marked for identification only.

## XII. DISCOVERY DOCUMENTS

Plaintiff intends to introduce certain of the defendant's responses to his requests for admissions, interrogatories, document requests, declarations, and depositions as admissions of a party-opponent.  Defendant Channan High intends to introduce certain of Plaintiff's responses to requests for admission, interrogatories, document requests, declarations, and deposition as admissions of a party-opponent.  Plaintiff and Defendant Channan High also intend to use the depositions taken in this action for all purposes allowed under the Federal Rules of Civil Procedure and Evidence.

## XIII. FURTHER DISCOVERY OR MOTIONS

Pursuant to the court's Status Conference Order, all discovery and law and motion was to have been conducted so as to be completed as of the date of the Pretrial Conference.  That order is confirmed.  The parties are free to do anything they desire

1  pursuant to informal agreement.  However, any such agreement will

2  not be enforceable in this court.

3                          XIV. <u>STIPULATIONS</u>

4       The parties propose that a stipulation to the authenticity of

5  documentary evidence exchanged during discovery will further the

6  efficient resolution of this action.  Any such stipulation must be

7  in writing and signed by counsel.

8                     XV. <u>AMENDMENTS/DISMISSALS</u>

9       All defendants other than Officer High, Kyle Pennington, and

10  Kim and Connie Pennington have been dismissed.

11                  XVI. <u>FURTHER TRIAL PREPARATION</u>

12      A.   Counsel are directed to Local Rule 285 regarding the

13  contents of trial briefs.  Such briefs may be E-filed on or before

14  July 19, 2021.

15      B.   Counsel are further directed to confer and to attempt to

16  agree upon a joint set of jury instructions.  The joint set of

17  instructions shall be lodged via ECF with the court clerk on or

18  before July 19, 2021 and shall be identified as the "Jury

19  Instructions Without Objection."  As to instructions as to which

20  there is dispute the parties shall submit the instruction(s) via

21  ECF as its package of proposed jury instructions also on or before

22  July 23, 2021.  This package of proposed instructions should not

23  include the "Jury Instructions Without Objection" and should be

24  clearly identified as "Disputed Jury Instructions" on the proposed

25  instructions.

26      The parties shall e-mail a set of all proposed jury

27  instructions in word format to the Court's Judicial Assistant, Jane

28  Klingelhoets, at: jklingelhoets@caed.uscourts.gov.

C.   It is the duty of counsel to ensure that a hard copy of any deposition which is to be used at trial has been lodged with the Clerk of the Court pursuant to Local Rule 133(j).  The depositions shall be lodged with the court clerk no later than July 19, 2021.  Counsel are cautioned that a failure to discharge this duty may result in the court precluding use of the deposition or imposition of such other sanctions as the court deems appropriate.

D.   The parties are ordered to E-file with the court and exchange between themselves no later than July 19, 2021, a statement designating portions of depositions intended to be offered or read into evidence (except for portions to be used only for impeachment or rebuttal).

E.   The parties are ordered to E-file with the court and exchange between themselves no later than July 19, 2021, the portions of Answers to Interrogatories and/or Requests for Admission which the respective parties intend to offer or read into evidence at the trial (except portions to be used only for impeachment or rebuttal).

F.   Each party may submit proposed voir dire questions the party would like the court to put to prospective jurors during jury selection.  Proposed voir dire should be submitted via ECF no later than July 19, 2021.

G.   Each party may submit a proposed verdict form that the party would like the Court to use in this case.  Proposed verdict forms should be submitted via ECF no later than July 19, 2021.

H.   In limine motions shall be E-filed separately on or before July 16, 2021.  Opposition briefs shall be E-filed on or before July 21, 2021.  No reply briefs may be filed.

XVII. <u>SETTLEMENT NEGOTIATIONS</u>

No further formal Settlement Conference will be set in this case at this time.

XVIII. <u>AGREED STATEMENTS</u>

See paragraph III, *supra*.

XIX. <u>SEPARATE TRIAL OF ISSUES</u>

None.  The issue of punitive damages will NOT be bifurcated.

XX. <u>IMPARTIAL EXPERTS/LIMITATION OF EXPERTS</u>

None.

XXI. <u>ATTORNEYS' FEES</u>

The matter of the award of attorneys' fees to prevailing parties pursuant to statute will be handled by motion in accordance with Local Rule 293.

XXII. <u>MISCELLANEOUS</u>

The Court will increase the number of peremptory challenges for the parties.  Plaintiff shall have 4 peremptory challenges. Defendants shall have 6 peremptory challenges which may be shared or divided evenly (two each).

XXIII. <u>ESTIMATE OF TRIAL TIME/TRIAL DATE</u>

The parties estimate six (6) to ten (10) court days for trial. Trial will commence on or about July 26, 2021, at 9:15 a.m.

Counsel are to call Gabriel Michel, Deputy Courtroom Clerk, at (916) 930-4091, one week prior to trial to ascertain the status of the trial date.

///

///

///

///

1                    XXIV.  OBJECTIONS TO PRETRIAL ORDER

2          Each party is granted seven (7) days from the date of this

3    Pretrial Order to object or respond to it via ECF.

4          IT IS SO ORDERED.

5

6    Dated:   June 14, 2021              /s/ John A. Mendez
                                         THE HONORABLE JOHN A. MENDEZ
7                                        UNITED STATES DISTRICT COURT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28