UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DESIREE MARTINEZ,

                    Plaintiff,

        v.

KYLE PENNINGTON, et al.,

                    Defendant.

No. 2:15-cv-00683-JAM

**ORDER GRANTING DEFENDANT HIGH'S MOTION FOR SUMMARY JUDGMENT**

    Before this Court is Defendant Channon High's motion for summary judgment on Plaintiff's § 1983 claim for violation of due process, the sole remaining claim against her. Def.'s Mot. for Summary J., ("Mot."), ECF No. 206. The parties are familiar with the facts and posture of this case, so the Court does not repeat them here.

    Despite Plaintiff's objections, the Court finds the motion to be procedurally proper. See Opp'n at 7. Defendant was under no obligation to appeal this Court's previous denial of summary judgment on the issue of qualified immunity and the defense would be available to her at trial. See Arrington v. City of Los Angeles, CV 15-03759-BRO (RAOx), 2017 WL 10543403, at *6 (C.D.

1

1  Cal. June 30, 2017) (noting both the Supreme Court and Ninth

2  Circuit have recognized that qualified immunity may be decided at

3  trial).  The Supreme Court has repeatedly "stressed the

4  importance of resolving immunity questions at the earliest

5  possible stage in litigation." Pearson v. Callahan, 555 U.S.

6  223, 232 (2009) (internal quotation marks and citation omitted).

7  This is because an officer should be permitted to avoid the

8  expense and burden of trial if her conduct is protected by the

9  doctrine.  See Mitchell v. Forsyth, 472 U.S. 511, 526 (1985).

10 Accordingly, the Court may resolve the issue now.

11     In light of the Ninth Circuit's recent decision in this

12 case, see Martinez v. City of Clovis, 943 F.3d 1260 (9th Cir.

13 2019), the Court finds Defendant is entitled to qualified

14 immunity as it was not clearly established in 2013 that

15 Defendant's conduct violated due process.  This Court previously

16 relied on Okin v. Vill. of Cornwall-on-Hudson Police Dep't, 577

17 F.3d 415 (2d Cir. 2009) in denying Defendant's motion for summary

18 judgment on qualified immunity.  However, the Ninth Circuit in

19 Martinez found that Okin could not be relied upon as it had not

20 been embraced by a consensus of courts.  943 F.3d at 1276.

21 Plaintiff's reliance on Kennedy v. Ridgefield City, 439 F.3d 1055

22 (9th Cir. 2006) is also unpersuasive as it is factually

23 distinguishable and existed when the Ninth Circuit decided

24 Martinez.  Likewise, Plaintiff's citations to equal protection

25 cases, Opp'n at 17, do not advance her theory that it was clearly

26 established that Defendant's conduct violated due process.

27     The Court finds Plaintiff has failed to demonstrate

28 Defendant's conduct violated clearly established law at the time

1  of her conduct.  See Romero v. Kitsap Cnty., 931 F.2d 624, 627

2  (9th Cir. 1991) ("The plaintiff bears the burden of proof that

3  the right allegedly violated was clearly established at the time

4  of the alleged misconduct.").  Accordingly, Defendant Channon

5  High is entitled to qualified immunity and her request for

6  summary judgment is GRANTED.  The hearing set for January 11,

7  2022 is hereby vacated.

8       IT IS SO ORDERED.

9  Dated: January 10, 2022

10

11  JOHN A. MENDEZ,
    UNITED STATES DISTRICT JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28