UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DESIREE MARTINEZ,<br><br>     Plaintiff,<br><br>  v.<br><br>CITY OF CLOVIS, et al.<br><br>     Defendants. | No.  1:15-cv-00683-JAM-SKO<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS CITY OF CLOVIS, CITY OF SANGER, HERSHBERGER, YAMBUPAH, SANDERS AND HIGH'S BILL OF COSTS** |

The City of Sanger, the City of Clovis, Officers Hershberger, Yambupah, Sanders, and High ("Defendants") request $14,999.66 in costs after the Court granted summary judgment in their favor.  Bill of Costs, ECF No. 212.  Desiree Martinez ("Plaintiff") opposed awarding many of these costs.  See Opp'n, ECF No. 213.  For the reasons stated below, the Court grants in part and denies in part Defendants' bill of costs.[1]

---

[1] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).  The hearing was scheduled for March 15, 2022.

1

I. FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

In 2015, Plaintiff sued Defendants, among others, for their handling of her domestic abuse complaints. First. Am. Compl., ECF No. 6. In August 2017, Defendants moved for summary judgment, which the Court granted in part and denied in part. Order Granting in Part and Denying in Part Mot. for Summ. J., ECF No. 94. Specifically, the Court granted summary judgment to the City of Clovis, the City of Sanger, Hershberger, Yambupah, and Sanders. Id. at 2. With respect to High, the Court granted summary judgment on the Equal Protection claim but denied summary judgment on the Due Process claim. Id. Plaintiff appealed the grant of summary judgment in favor of the City of Clovis, the City of Sanger, Hershberger, Yambupah, and Sanders, which the Ninth Circuit affirmed. Ninth Circuit Order, ECF No. 123. Thereafter, Defendant High again moved for summary judgment on the Due Process claim. High's Mot. for Summ. J., ECF No. 206. The Court granted High's renewed motion. Order Granting High's Renewed Mot. for Summ. J, ECF No. 210. Defendants subsequently submitted this bill of costs.

II. OPINION

A. Legal Standard

Federal Rule of Civil Procedure 54(d) allows for a prevailing party to be awarded taxable costs other than attorneys' fees. Fed. R. Civ. P. 54(d)(1). This rule creates a presumption that costs will be taxed against the losing party, but "vests in the district court discretion to refuse to award costs" if the losing party shows why costs should not be awarded. Ass'n of Mexican-Am. Educators v. State of California,

2

231 F.3d 572, 591-92 (9th Cir. 2000) (en banc).  "Although a district court must 'specify reasons' for its refusal to tax costs to the losing party [the Ninth Circuit has] never held that a district court must specify reasons for its decision to abide the presumption and tax costs to the losing party."  Save Our Valley v. Sound Transit, 335 F.3d 932, 945 (9th Cir. 2003) (internal citations omitted) (emphasis in original).

    28 U.S.C. § 1920 generally defines the expenses that may be taxed as costs under Rule 54(d).  See Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441-42 (1987).  Pursuant to 28 U.S.C. § 1920, a judge or court clerk may tax as costs: fees of the clerk and marshal; fees for printed or electronically recorded transcripts necessarily obtained for use in the case; fees and disbursements for printing and witnesses; fees for copies of necessary papers; docket fees; and compensation of court appointed experts.  28 U.S.C § 1920.

    B.    Analysis

        1.    Transcripts

   Fees for printed or electronically recorded transcripts are recoverable so long as they were "necessarily obtained for use in the case."  28 U.S.C. 1920(2).  A document need not be offered as evidence to have been necessarily obtained for use in the case.  Haagen-Dazs Co., Inc. v. Double Rainbow Gourmet Ice Creams, Inc., 920 F.2d 587, 588 (9th Cir. 1990).  However, depositions "merely useful for discovery" are not taxable "and their expense should have been borne by the party taking them, as incidental to normal preparation for trial."  Indep. Iron Works, Inc. v. U.S. Steel Corp., 322 F.2d 656, 678 (9th Cir.

3

1963). "When a deposition is not actually used at trial or as evidence on some successful preliminary motion, whether its costs may be taxed generally is determined by deciding if the deposition reasonably seemed necessary at the time it was taken." 10 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2676 (4th ed. 2022).

Defendants seek $3,398.90 in deposition transcript expenses, $5,126.67 for the cost of the transcript of a related criminal proceeding, $315.25 for the summary judgment hearing transcript, and $260.50 for the cost of transcribing a telephone recording. Plaintiff disputes all but $2,083.20 – the costs for the depositions of Plaintiff, Kristina Hershberger, Angela Yambupah, Kyle Pennington, and Channon High – which were used in their summary judgment motions. Opp'n at 3. Plaintiff opposes the remaining $7,018.07, on the grounds that Defendants have not shown why those materials reasonably seemed necessary at the time. Id. The Court agrees. Defendants offer no explanation for why these other depositions and transcripts seemed necessary at the time. However, the Court will allow $315.25 for the summary judgment hearing transcript, which was also used in a dispositive motion. Ex. A. to Def. High's Motion for Summ. J., ECF No. 206-3. The Court therefore reduces the taxable costs for depositions and transcripts from $9,101.32 to $2,398.45.

2. Witness Fees

Section 1821(b) limits witness fees, other than court-appointed experts, to "an attendance fee of $40 per day" at a deposition or trial, plus other travel expenses where applicable. Here, Defendants seek $1,255 in witness fees.

4

Because they have not indicated their witness costs with sufficient specificity for the Court to determine which costs are allowable as attendance fees, travel expenses, or subsistence allowances the Court does not grant Defendants these costs.

### 3. Other Costs

Defendants also seek reimbursement for $1,833.34 in mediation expenses, $292.81 for Federal Express expenses, and $2,525.22 for the costs of obtaining files from another attorney. However, Defendants do not offer any authority or explanation for why such fees are taxable as costs. Accordingly, the Court declines to award this additional $4,651.37.

### 4. Final Reductions

As explained above, the Court finds Defendants are entitled to $2,398.45 in costs. However, Defendants Jesus Santillan and Ralph Salazar were dismissed in June 2017, conditioned upon a mutual waiver of costs and fees. Stip. and Order Dismissing Defs. Santillan and Salazar, ECF No. 70. Accordingly, the Court reduces the deposition transcript costs by one-fourth, from $2,083.20 to $1,562.40, to account for their share of the costs. That, plus the $315.25 cost for the summary judgment hearing transcript, incurred after Defendants Santillan and Salazar were dismissed, amounts to $1,877.65.

///
///
///
///

## III. ORDER

For the reasons set forth above, the Court awards costs to Defendants in the amount of $1,877.65.

IT IS SO ORDERED.

Dated: April 26, 2022

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE