UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Desiree Martinez, | No. 1:15-cv-00683-KJM-SKO |
| Plaintiff, | ORDER |
| v. | |
| Kyle Pennington, et al., | |
| Defendants. | |

As part of her nine-count complaint against ten defendants, plaintiff Desiree Martinez sued Officer Channon High under 42 U.S.C. § 1983. *See* Second Am. Compl., ECF No. 44. Plaintiff alleged Officer High violated her substantive due process rights when Officer High told plaintiff's alleged domestic abuser, defendant Kyle Pennington, about plaintiff's confidential call to the Clovis Police Department. *See id.* ¶ 30. On January 10, 2022, the previously-assigned district judge granted summary judgment for Officer High on plaintiff's substantive due process claim, finding Officer High is entitled to qualified immunity.[1] *See generally* Order, ECF No. 210. Plaintiff now asks the court to certify the order under Federal Rule of Civil Procedure 54(b) so she can immediately appeal. *See* ECF No. 222. The motion is unopposed. *See* ECF No. 225.

/////

---

[1] This case was reassigned to this court on April 27, 2022. *See* ECF No. 224.

      Rule 54(b) of the Federal Rules of Civil Procedure outlines the process for entering a final judgment where, as here, the court has disposed of some but not all claims in a case or the claims against some but not all defendants. Courts undertake a two-step analysis to determine whether a partial final judgment may properly be certified under Rule 54(b). First, the court must determine that its final judgment is, in fact, both "final" and a "judgment." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980). That is, the court's decision must be "'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action,'" and a "'judgment' in the sense that it is a decision upon a cognizable claim for relief." *Id.* (citing *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436 (1956)). Second, having found that the decision was a final judgment, the court must then determine there is no "just reason for delay" in certifying it as final and immediately appealable. *Id.* at 8. This inquiry is required because "[n]ot all final judgments on individual claims should be immediately appealable." *Id.* The district court must act as a selective "dispatcher" and consider "judicial administrative interests"—including "'the historic federal policy against piecemeal appeals'"—and "the equities involved." *Id.* (quoting *Sears, Roebuck & Co.*, 351 U.S. at 438).

      Here, the court finds Rule 54(b) certification is warranted. The prior judge's summary judgment order finally disposed of plaintiff's § 1983 claim against Officer High. *See* Order; Judgment, ECF No. 211; *see also Curtiss-Wright*, 446 U.S. at 7 (defining finality). Defendant has not raised, nor has the court found, any just reason to delay certification as to this claim. To the contrary, the adjudicated claim is "separable from the others and . . . the nature of the claim [is] such that no appellate court would have to decide the same issues more than once." *Wood v. GCC Bend, LLC*, 422 F.3d 873, 878 n.2 (9th Cir. 2005). Plaintiff's now-adjudicated claim against Officer High was her last remaining federal civil rights claim. It also was her last remaining claim against Officer High or any other defendant besides Kyle Pennington and his parents. Although there is some factual overlap between this claim and plaintiff's remaining claims against the Pennington defendants, those claims—domestic abuse-centered state-law claims such as battery, gender violence, conspiracy to commit battery—rest on different legal theories asserted against different defendants. *See* Am. Pretrial Order at 2–4 (describing

"disputed factual issues"). Rule 54(b) was adopted "to avoid the possible injustice of delaying judgment on a distinctly separate claim pending adjudication of the entire case." *Gelboim v. Bank of Am. Corp.*, 574 U.S. 405, 409 (2015) (internal quotation marks, brackets, and citation omitted).

The court **grants** plaintiff's unopposed request for certification. *Cf. Est. of Strickland v. Nevada Cnty.*, No. 21-cv-00175, 2022 WL 1524604, at *2 (E.D. Cal. May 13, 2022). The summary judgment ruling, ECF No. 210, is **certified** under Rule 54(b). Based on the parties' agreement, the case is **stayed** pending resolution of plaintiff's appeal.

This order resolves ECF No. 222.

IT IS SO ORDERED.

DATED: August 26, 2022.

CHIEF UNITED STATES DISTRICT JUDGE