# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DESIREE MARTINEZ,<br>　　　Plaintiff,<br><br>　　　v.<br><br>KYLE PENNINGTON, et al.,<br>　　　Defendants.<br>_____/ | Case No.  1:15-cv-00683 DAD SKO<br><br>AMENDED ORDER re SETTLEMENT CONFERENCE<br><br>ORDER FOLLOWING PRE-SETTLEMENT CONFERENCE |

On August 22, 2024, the Court held a telephonic pre-settlement conference. Kevin Little, Esq., appeared on behalf of Plaintiff. Defendant Kyle Pennington appeared *pro se*. John Phillips, Esq., appeared on behalf of Defendants Kim Pennington and the Estate of Connie Pennington.

The Court discussed with the parties the status of settlement negotiations and whether a settlement conference on August 27, 2024, would be productive. Based on its discussion with the parties, the Court determines that a settlement conference on that date would not be productive, in view of the Petition for Writ of Certiorari currently pending before the U.S. Supreme Court.

Accordingly, the Court **hereby CONTINUES the settlement conference to October 30, 2024, at 10:00 AM in Courtroom 7 (SKO) before Magistrate Judge Sheila K. Oberto.**

Consideration of settlement is a serious matter that requires thorough preparation prior to the settlement conference. Accordingly, IT IS HEREBY ORDERED that:

**1.     Pre-settlement Conference Exchange of Demand and Offer**

A settlement conference is more likely to be productive if, before the conference, the parties exchange written settlement proposals. Accordingly, by no later than **October 2, 2024**, Plaintiff

shall submit a written itemization of damages and settlement demand to each defendant with a brief summary of the legal and factual basis supporting the demand.  By no later than **October 9, 2024**, each defendant shall submit a written offer to Plaintiff with a brief summary of the legal and factual basis supporting the offer.

The parties **shall** continue to meet and confer thereafter to attempt to compromise regarding their respective positions, so as to assist with ensuring that the settlement conference will be productive.

2. **Submission and Content of Updated Confidential Settlement Conference Statements**

The parties are to send updated Confidential Settlement Conference Statements (Settlement Statement) to the following email address: SKOorders@caed.uscourts.gov, to arrive no later than **October 16, 2024**.  Each statement shall be clearly marked "CONFIDENTIAL" with the date and time of the mandatory settlement conference indicated prominently.  Each party shall also file a Notice of Submission of Confidential Settlement Conference Statement (*See* L.R. 270 (d)).

The updated Settlement Statements shall be complete in themselves, without reference to any prior Settlement Statements.

Each Settlement Statement *shall include the following*:

   a. A brief summary of the core facts, allegations, and defenses, a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses, and a description of the major issues in dispute.

   b. A summary of the proceedings to date.

   c. An estimate of the cost and time to be expended for further discovery, pretrial, and trial.

   d. The nature of the relief sought.

   e. An outline of past settlement efforts including information regarding the "Pre-settlement Conference Exchange of Demand and Offer" required above—*including the itemization of damages*—and a history of past settlement discussions, offers, and demands.

    f.  A statement of each party's expectations and goals for the Settlement Conference.

**3.**  **Zoom Videoconferences**

Although the parties shall be prepared to attend the settlement conference in person, they may jointly request that the settlement conference be conducted by Zoom videoconference. If the Court determines that a Zoom videoconference would be productive and the request for a Zoom videoconference is granted, the Court will provide call in information before the settlement conference date.

**4.**  **Attendance of Trial Counsel and Parties Required**

Unless otherwise permitted in advance by the Court, <u>the attorneys who will try the case</u> and <u>parties with full and complete settlement authority</u> shall personally attend the conference.[1] An insured party shall appear by a representative of the insurer who is authorized to negotiate, and who has *full authority to negotiate and settle the case.* An uninsured corporate party shall appear by a representative authorized to negotiate, and who has *full authority to negotiate and settle the case.* It is difficult for a party who is not present to appreciate the process and the reasons that may justify a change in one's perspective toward settlement. Accordingly, having a client with authority available by telephone is *not* an acceptable alternative, except under the most extenuating circumstances.[2]

The Court expects both the lawyers and the party representatives to be fully prepared to participate. The Court encourages all parties to keep an open mind in order to reassess their previous positions and to discover creative means for resolving the dispute.

**5.**  **Issues to Be Discussed**

The parties *shall* be prepared to discuss the following at the settlement conference:

    a.  Goals in the litigation and problems they would like to address in the settlement conference and understanding of the opposing side's goals.

---

[1] Insurance carriers, business organizations, and governmental bodies or agencies whose settlement agreements are subject to approval by legislative bodies, executive committees, boards of directors or the like shall be represented by a person or persons who occupy high executive positions in the party organization and who will be directly involved in the process of approval of any settlement offers or agreements.

[2] Out of town or out of state travel and the purchase of an airplane ticket are not extenuating circumstances.

3

      b.      The issues (in and outside the lawsuit) that need to be resolved.

      c.      The strengths and weaknesses of their case.

      d.      Their understanding of the opposing side's view of the case.

      e.      Their points of agreement and disagreement (factual and legal).

      f.      Any financial, emotional, and/or legal impediments to settlement.

      g.      Whether settlement or further litigation better enables the accomplishment of their respective goals.

      h.      Any possibilities for a creative resolution of the dispute.

**6.**    **Statements Inadmissible**

The parties are expected to address each other with courtesy and respect and are encouraged to be frank and open in their discussions. Statements made by any party during the settlement conference are not to be used in discovery and will not be admissible at trial.

**7.**    **Pre-Settlement Telephonic Conference**

Prior to the Settlement Conference, Magistrate Judge Oberto will hold a brief, telephonic discussion on **October 23, 2024, at 4:00 PM (dial-in number: 1-888-557-8511; passcode: 6208204#)**. Only attorneys and unrepresented parties are required to participate in the conference.

**8.**    **Superseding of Order re Settlement Conference; Sanctions**

The deadlines and directives in this order **supersede the deadlines and directives set forth in the "Order re Settlement Conference" (Doc. 242). The Court may impose sanctions on any party or any party's counsel that fails to comply with this order.**

IT IS SO ORDERED.

Dated:   **August 22, 2024**            /s/ *Sheila K. Oberto*
                                                        UNITED STATES MAGISTRATE JUDGE